UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RAYMONE KNOX, #409973,

                Plaintiff,

                                              CASE NO. 2:16-CV-12683
v.                                      HONORABLE GERALD E. ROSEN

CORRECT CARE SOLUTIONS, et al.,

                Defendants.

_____/


**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.  INTRODUCTION**

      This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983.  Raymone Knox ("Plaintiff"), an inmate at the Oakland County Jail in Pontiac, Michigan, alleges that his constitutional rights were violated when medical personnel at the jail denied his request for STD testing and other jail officials failed to properly respond to the situation.  Plaintiff names Correct Care Solutions, medical personnel at the jail, Oakland County Sheriff Deputies, the Oakland County Sheriff, and the City of Pontiac as the defendants in this action.  He sues the defendants in their personal and official capacities and seeks monetary damages.  Plaintiff has been granted leave to proceed without prepayment of the fees for this action.  *See* 28 U.S.C. § 1915(a)(1).

**II.  DISCUSSION**

      Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint

seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that the civil rights

2

complaint is subject to summary dismissal.

First, as to the medical care issue, Plaintiff fails to state a claim upon which relief may be granted. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard requires an inmate to show that prison official defendants acted with a reckless disregard of a known risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care. *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Plaintiff makes no such showing. Plaintiff's complaint reflects that he has received medical attention while confined in the Oakland County Jail. When there is an ongoing pattern of care, a prisoner's constitutional rights are generally not infringed. *See, e.g., Pate-El v. Gluch*, 848 F.2d 193 (Table), 1988 WL 49054, *1 (6th Cir. 1988); *accord Huff v. Manfredi*, 504 F. App'x 342, 345 (5th Cir. 2012); *Ali v. Howard*, 353 F. App'x 667, 671 (3d Cir. 2009). Plaintiff alleges no facts which show that the defendants ignored any medical problem, refused to treat any symptoms, acted with deliberate indifference, or intentionally caused him injury or pain.

While Plaintiff wishes to have STD testing done while he is in custody, he does not allege facts or present documents to show that the defendants acted unconstitutionally by refusing to conduct such testing. *See Jennings v. Al–Dabagh*, 97 F. App'x 548, 550 (6th Cir. 2004) (prisoner's personal opinion that his care was substandard or that he was not given treatment he requested because of costs raises a claim of state-law medical malpractice, not constitutionally defective medical care); *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir.

3

2003) ("A patient's disagreement with his physicians over proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."). Inmates do not have a constitutional right to STD testing. *See, e.g., Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994) (stating that "the Constitution does not guarantee a right to on-demand HIV testing"); *Skipper v. Lott, et al.*, No. 1:08CV170-01-MU, 2008 WL 1848656, *1 (W.D. N.C. April 25, 2008) (stated that inmates "do not have a blanket constitutional right to be tested for HIV or TB"). In fact, the United States Supreme Court has ruled that decisions about whether to order additional diagnostic tests or treatment are classic examples of the exercise of medical judgment and do not constitute cruel and unusual punishment. *Estelle,* 429 U.S. at 107. It is also well-settled that claims of negligence concerning an inmate's medical care, *i.e.* medical malpractice, are not cognizable in a civil rights action under § 1983. *Id.* at 106. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn.,* 34 F.3d 345, 348 (6th Cir. 1994). Plaintiff fails to state a claim under § 1983 as to this issue.

Second, with respect to age discrimination, Plaintiff fails to state a claim upon which relief may be granted. Prisoners are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The linchpin of an equal protection claim under the Fourteenth Amendment is that the government has intentionally treated people who are similarly situated in a different manner based upon an improper factor such as race, gender, or age. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587–88 (6th Cir. 2004); *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir.

1992).[1]  In this case, Plaintiff asserts that he was subject to age discrimination because a nurse said that he was "too old" for STD testing.  He does not, however, specify his age.  The Court's review of the Oakland County Jail Inmate Locator indicates that Plaintiff is only 36 years old.  *See* Plaintiff's Inmate Profile, https://oakgov.com/sheriff/Pages/Inmates-current.aspx (accessed August 11, 2016).[2]  Moreover, Plaintiff admits that after completing medical forms (and *before* the nurse's comment), he was advised that he would be tested for syphilis and that other STD testing/treatment would be conducted if he had any symptoms.  Plaintiff neither alleges nor establishes that he has any symptoms which would warrant further STD testing – nor does he allege any facts to show that he was not given testing that younger, similarly-situated (*i.e.* symptom-free) inmates are given.  Plaintiff also fails to allege or establish that he has suffered any injury arising from the denial of STD testing at the jail.  Conclusory allegations are insufficient to state a claim under § 1983.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).  Plaintiff fails to state claim upon which relief may be granted as to this issue.

Third, as to the grievance issue, Plaintiff fails to state a claim upon which relief may be granted.  The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. amend. I.  While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410,

---

[1]The Court notes that while it is possible to raise an Equal Protection claim based on age discrimination, "an age classification is presumptively rational."  *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 84 (2000).

[2]To state a prima facie case of age discrimination in the employment context, a plaintiff must allege that he or she was at least 40 years of age at the time of the alleged discrimination.  *See, e.g., Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 317 (6th Cir. 2007).

415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").  Moreover, an inmate does not have a constitutionally-protected interest in a jail or prison grievance procedure or the right to an effective procedure.  *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases).  To the extent that Plaintiff is dissatisfied with the investigation of his concerns and responses to his grievance, he fails to state a claim upon which relief may be granted.  *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).  Additionally, any assertion that one or more of the defendants failed to supervise another employee, should be vicariously liable for another employee's conduct, erred in denying his grievance, and/or did not properly respond to his complaints is insufficient to state a civil rights claim.  *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

Lastly, any claims against Correct Care Solutions, the Oakland County Sheriff, and the City of Pontiac must also be dismissed because Plaintiff fails to allege facts demonstrating the personal involvement of those defendants in the events giving rise to the complaint.  It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983.  *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious

6

liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff makes no such allegations against Correct Care Solutions, the Oakland County Sheriff, or the City of Pontiac.  Furthermore, Oakland County, not the City of Pontiac, operates the Oakland County Jail.  Plaintiff thus fails to state a claim upon which relief may be granted against Correct Care Solutions, the Oakland County Sheriff, and the City of Pontiac.

### III.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his pleadings.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint.  The Court also concludes that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.


s/Gerald E. Rosen_____
United States District Judge

Dated:  August 16, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 16, 2016, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135